UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:22-CR-00006-DJH
*(Electronically Filed)*

UNITED STATES OF AMERICA                                                                 PLAINTIFF

V.

DONALD A. SIMONTON                                                                       DEFENDANT

\* \* \* \* \* \* \* \* \*

**DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR PROTECTIVE ORDER GOVERNING DISCOVERY**

The United States of America, by counsel, has moved this Court for the entry of a protective order governing all discovery produced in this case, pursuant to Fed.R.Crim.P. 16(d), asserting only the government's interest in ensuring the safety of witnesses in this case justifies such a protective order. The defendant objects because while the broad discovery order requested here does not further any such interest.

Donald Simonton, a retired Navy veteran and thoroughbred groom, was the victim of a police raid on his home at 6 a.m. on January 11, 2022. Numerous federal and state agents executed a search warrant and arrest warrant for Mr. Simonton's son, Dejuan, who was staying with his father, at his home located at 363 North 41st Street in Louisville, Kentucky. Mr. Simonton's son was staying at the house while on supervised release from federal court with an added condition of home incarceration with GPS monitoring. The agents who executed the warrants knew exactly where Dejuan was located at the time of the warrant execution, and where he had been for days, because of

1

his ankle monitor. Also, the officers chose not to arrest him when he reported to his probation officer the day prior to the execution of the warrants.

When the agents executed the warrants, by battering in the door to Mr. Simonton's home of over thirty years, Donald Simonton and his wife were asleep in bed. Upon hearing people break into his home, Mr. Simonton became worried for his safety. He attempted to look down the stairwell but was blinded by flashlights. Mr. Simonton attempted to defend himself and his family by firing several shots over the heads of the intruders in the home. The officers fired at Mr. Simonton. Fortunately, no one was injured. As soon as Mr. Simonton learned that the individuals in the home were law enforcement officers, he put down his firearm and cooperated with them. He repeatedly insisted that he did not know the intruders in his home were law enforcement officers.

Mr. Simonton was charged with assaulting, resisting or impeding in violation of Title 19, United States Code, Section 111(a)(1) and (b), and using firearm in relation to a crime of violence in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii). He had plead not guilty.

The government has now requested that all the discovery provided to the defendant be subject to a protective order. Among other things, the proposed protective order prohibits defendant and his counsel from disclosing any of the items provided in discovery to any person not employed by the defense, or persons who are potential witnesses, and a select few "authorized persons." R.14-1, Proposed Protective Order, Paragraph 2. The proposed protective order also restricts the ability of defendant and defense counsel to copy or retain the items provided in discovery.

    Federal Rule of Criminal Procedure 16(d)(1) provides:

> (d) Regulating Discovery.
> (1) Protective and Modifying Orders. At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

The Government bears the burden of showing 'good cause' for a protective order, which showing must be made with sufficient specificity and cannot rest upon broad and unsubstantiated allegations. *United States v. Stone*, No. 10-20123, 2012 U.S. Dist. LEXIS 5785, 2012 WL 137746, at *2 (E.D. Mich. Jan. 18, 2012). As the Fifth Circuit said in the case *United States v. Hughes,* 413 F.2d 1244 (5th Cir. 1969), *vacated on other grounds*, 397 U.S. 93, 90 S. Ct. 817, 25 L. Ed. 2d 77 (1970), the norm is to deny a request for restricted discovery. In this case, the government's bald statements fall far short of the requisite showing of need.

    Here, the only reason given by the government for the proposed protective order is ensuring the safety of witnesses. Counsel for the government has indicated the witnesses are Mr. Simonton's neighbors and those named in the search warrant for the home. A protective order does nothing to protect these witnesses. Mr. Simonton is not a threat to any of the witnesses. He is a lifelong neighbor to many of them and already knows who they are where they live. If any individuals are identified in the search warrant or arrest warrant for Dejuan, their names were placed on a public record by law enforcement officials obtaining the search warrant.

Mr. Simonton is not a threat to any of these witnesses. He has no history of violence and this Court has considered that he is not a threat to others in denying the government's motion for detention. He will abide fully by this Court's orders regarding bond and discovery, but the government has not satisfied its burden to demonstrate specifically why a protective order would be necessary for all of the discovery in this case.

Furthermore, the proposed protective order has not been tailored to achieve the stated reasons from the government. Rather, it imposes the restrictions on all portions of the discovery. There is no need for a protective order to cover all of the discovery in this matter. For example, there is nothing confidential about the execution of the search warrant. Videos of the officers executing the search warrants, or their statements or investigative reports after the execution should not be covered with a protective order. If the government is able to demonstrate that some particular item of discovery should be subject to a protective order, it could present that particularized matter in a motion, and if warranted, this Court could fashion a limited protective order to serve that purpose for that item. Here, the government has simply preemptively asked for a protective order for all of the discovery, without demonstrating with specificity that it is necessary for any part of the discovery.

WHEREFORE, because the government's request does not satisfy the burden of showing good cause for a protective order with sufficient specificity, and because the request is both too broad and unsubstantiated, this Court should DENY the government's request.

Respectfully submitted,

*/s/ Michael L. Goodwin*
MICHAEL L. GOODWIN
600 West Main Street, Suite 100
Louisville, Kentucky 40202
502-584-7622
michaellgoodwin@me.com

**CERTIFICATE OF SERVICE**

On March 7, 2022, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Michael L. Goodwin*
MICHAEL L. GOODWIN