UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA     PLAINTIFF

v.     CRIMINAL ACTION NO.: 3:22-CR-6-DJH

DONALD A. SIMONTON     DEFENDANT

### REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR ENTRY OF PROTECTIVE ORDER GOVERNING DISCOVERY
*(Electronically filed)*

Comes the United States of America, by counsel, Assistant United States Attorney Alicia P. Gomez, in reply to the defendant's response to the motion for entry of a Protective Order (DN 16), and states as follows:

The United States seeks a protective order to help ensure the safety of witnesses by limiting the distribution of discovery to only those individuals who reasonably should have access to the material. Pursuant to Rule 26.2, the government is under no obligation to turn over the statements of witnesses prior to trial. However, the undersigned counsel for the United States is seeking a protective order in order to provide the entirety of the discovery at the outset of the case.

The concern for safety of the witnesses arises from the criminal history and gang affiliation of the defendant's son, Dajuan Simonton, with whom the defendant is in regular contact. In the defendant's response to the motion, the defendant indicates that agents were executing an arrest warrant and search warrant; however, the defendant neglected to mention that the agents were executing an arrest warrant for the charges of murder and kidnapping. No more serious charges exists than those which the defendant's son faces.

Out of concern for the safety of witnesses and to protect witnesses from fear of retaliation for providing statements, the United States requests that the Court enter a protective order that restricts the dissemination of recordings of witness statements and reports and documents, which contain the contents of witness statements, to the defendant and defendant's counsel (defined as counsel of record in this case) to be used solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court. Furthermore, the United States would request that the protective order also include the search warrant affidavits as they contain the statements of witnesses.

WHEREFORE, the government respectfully moves this Court for an order directing that the audio and video recordings of witnesses and supporting documentation, which are being provided to defendant and defendant's counsel, be subject to a protective order as described above. The government also respectfully moves this Court to order that any other recordings, reports, and investigative materials containing witness statements that may subsequently be turned over in connection with this case be subject to the protective order.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*s/Alicia P. Gomez*
Alicia P. Gomez
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
Tel - (502) 582-6326
Fax- (502) 582-5097

<u>CERTIFICATE OF SERVICE</u>

On March 10, 2022, I electronically filed this document through the ECF system, which will send a notice of electronic filing to counsel of record.

<u>*s/Alicia P. Gomez*</u>
Assistant United States Attorney
