UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v. Criminal Action No. 3:22-cr-06-DJH

DONALD A. SIMONTON, Defendant.

\* \* \* \* \*

## **MEMORANDUM OF CONFERENCE AND ORDER**

A telephonic status conference was held in this matter on April 19, 2022, with the following counsel participating:

    For the United States:    Alicia Gomez

    For Defendant:    Michael Goodwin

The defendant also participated in the conference. The Court and counsel discussed the procedural posture of the case and scheduling matters. Defense counsel informed the Court that he is still reviewing the substantial amount of discovery in this matter. The Court acknowledged that the United States has filed a revised motion for entry of a protective order governing discovery, and defense counsel explained that he would respond to that motion by next week. The parties then agreed to schedule another telephonic status conference and a tentative trial date. Based on the discussion during the conference, and without objection, it is hereby

    **ORDERED** as follows:

    (1)    The defendant shall file a response to the United States' revised motion for entry of a protective order governing discovery (Docket No. 23) no later than **April 28, 2022**.

(2) This matter is **SET** for a telephonic status conference on **May 17, 2022, at 10:00 a.m.** Counsel for the parties shall connect to the status conference by dialing the toll-free number 1-877-402-9753 and entering the access code 9073187.

(3) The trial in this matter is tentatively **SET** for **September 19, 2022**, at the Gene Snyder U.S. Courthouse in Louisville, Kentucky. The Court and counsel will discuss and potentially confirm this trial date during the May 17, 2022 telephonic status conference.

(4) Pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv), and without objection, the Court finds that **the period of delay from April 19, 2022, to May 17, 2022, is excludable in computing the time within which the trial must commence under the Speedy Trial Act.** The Court finds that the ends of justice served by this delay outweigh the best interests of the public and the defendant in a speedy trial because failure to grant such a continuance would deny both the attorney for the government and counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This continuance is not being granted "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

April 19, 2022

David J. Hale, Judge
United States District Court

Court Time: 00/05
Court Reporter: Dena Legg