UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:22-CR-00006-DJH
*(Electronically Filed)*

UNITED STATES OF AMERICA                                                                                     PLAINTIFF

V.

DONALD A. SIMONTON                                                                                              DEFENDANT

\* \* \* \* \* \* \* \* \*

## DEFENDANT'S RESPONSE TO GOVERNMENT'S REVISED MOTION FOR A PROTECTIVE ORDER GOVERNING DISCOVERY

In their revised motion, the United States of America, by counsel, has moved this Court for the entry of a protective order governing discovery produced in this case, pursuant to Fed.R.Crim.P. 16(d), asserting the government's interest in ensuring the safety of witnesses in this case justifies such a protective order. In the revised motion, the government asserts two areas of discovery that it believes should be subject to a protective order: (A) a search warrant and accompanying affidavit in support of the search warrant that granted law enforcement the legal authority to enter Donald Simonton's home and arrest his son; and (B) the statements of witnesses from the neighborhood who viewed the entry of the home by law enforcement. Donald Simonton objects to this protective order because witness safety is not furthered by the entry of such an order.

First, the search warrant and affidavit are public records which must be provided to Dajuan Simonton in his state court criminal case, regardless of any protective order in this case.

Second, the government claims the protective order is necessary to keep the evidence from Dajuan Simonton, Donald's son, who was the intended target of the search and arrest warranted executed at 6 a.m. on January 11, 2022. However, the search warrant, affidavit in support of the search warrant, and the videos of recorded statements of neighbors who witnessed the entry of the home have already been provided to Dajuan Simonton and his counsel through discovery in his state court case. See Commonwealth's Response to Court's Order of Discovery, filed in Jefferson Circuit Court, Action No. 22-CR-0070 on March 30, 2022. There, the Commonwealth Attorney did not seek a protective order or otherwise attempt to prevent disclosure of the contents of these items. Id.

Finally, a protective order would do nothing to prevent disclosure of the names of the eyewitnesses to the entry of the home by law enforcement. Policed rammed the door and entered the home during the dark early morning hours. The witnesses are law enforcement officers and Donald Simonton's neighbors. Mr. Simonton knows the identity of his neighbors, since he has lived in the same home for over thirty years.

For all of these reasons, a protective order would further no legitimate objective of the government and Donald Simonton objects to any protective order governing discovery here.

Respectfully submitted,

*/s/ Michael L. Goodwin*
MICHAEL L. GOODWIN
600 West Main Street, Suite 100
Louisville, Kentucky 40202
502-584-7622
michaellgoodwin@me.com

**CERTIFICATE OF SERVICE**

On April 28, 2022, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Michael L. Goodwin*
MICHAEL L. GOODWIN