UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---:|
| UNITED STATES OF AMERICA, | Plaintiff, |
| v. | Criminal Action No. 3:22-cr-06-DJH |
| DONALD A. SIMONTON, | Defendant. |

\* \* \* \* \*

## ORDER

In response to the Court's April 13, 2022 Order (Docket No. 22), the United States has filed a revised motion for entry of a protective order governing discovery in this matter pursuant to Federal Rule of Criminal Procedure 16(d)(1) (D.N. 23), which Defendant Donald A. Simonton, through counsel, opposes (D.N. 25). For the reasons explained below, the government's motion will be granted.

The United States seeks a protective order that would restrict Simonton's use and disclosure of discovery materials that "contain witness statements in any form." (D.N. 23-1, PageID # 67) Rule 16(d)(1) permits a court to issue such an order "for good cause." Fed. R. Crim. P. 16(d)(1). The Court concluded in its previous Order that the United States' "concern for witness safety" in this case "clearly amounts to good cause for a protective order." (D.N. 22, PageID # 61) And the United States reiterates that concern in its revised motion: Noting that Simonton "maintains regular contact with his son," who is a member of a gang "known for perpetuating violence in the city of Louisville," the government argues that its requested protective order is needed to "protect witnesses from fear of retaliation" for having provided "statements to law enforcement." (D.N. 23, PageID # 65)

This showing of good cause notwithstanding, the Court denied the United States' initial motion for a protective order because the precise scope of the government's requested order was unclear. (D.N. 22, PageID # 62–63) The proposed protective order attached to the United States' revised motion, however, applies only to discovery materials that "contain witness statements in any form (i.e., audio[,] recorded[,] or written)" and is thus "no broader than . . . necessary to serve the intended purpose[]" of ensuring the safety of witnesses. *United States v. Darden*, No. 3:17-cr-124, 2017 WL 3700340, at *2 (M.D. Tenn. Aug. 28, 2017) (internal quotations omitted) (quoting *United States v. Williams*, No. 15-cr-10145, 2015 WL 5923551, at *3 (D. Mass. Oct. 9, 2015)). "[G]ood cause" therefore "exists to grant the Government's motion." *United States v. Dixon*, 355 F. Supp. 3d 1, 4 (D.D.C. 2019); *see* Fed. R. Crim. P. 16(d)(1).

Simonton opposes the United States' motion, arguing that "witness safety [would] not [be] furthered by the entry of" a protective order here because Simonton already "knows the identity of" several witnesses and because many of the discovery materials the government's order would protect "have already been provided to" Simonton's son as part of a state criminal proceeding. (D.N. 25, PageID # 72–73) But these objections are unavailing for several reasons. First, Simonton points to no authority suggesting that a court can issue a protective order to ensure the safety of witnesses only if the protection afforded by such an order would be absolute. Second, even if Simonton and his son know the identities of cooperating witnesses, those witnesses would still benefit from restrictions on the dissemination of any materials "that *corroborate* their cooperation." *United States v. Dent*, No. 16-cr-29, 2017 WL 1025162, at *4 (C.D. Cal. Mar. 15, 2017) (emphasis in original) (observing that such materials, if given to "non-incarcerated . . . gang members," could be used "to justify acts of intimidation or harm against . . . cooperating witnesses or their families"); *see United States v. Mitchell*, No. 1:15-cr-40, 2016 WL 7076991, at *3 (D. Me.

Dec. 5, 2016) ("[U]nlike word of mouth, written informants' statements are concrete corroborative evidence of their cooperation with law enforcement."); *Darden*, 2017 WL 3700340, at *5 (noting that courts have "repeatedly rejected" arguments suggesting that a protective order is not warranted whenever a defendant will "learn" certain information "anyway"). Finally, Simonton suggests that the decision by state prosecutors to not seek a protective order in his son's state criminal case somehow hamstrings this Court's authority to issue such an order here. (*See* D.N. 25, PageID # 73) But Simonton offers no support for this idea that state court practice can dictate whether "good cause" exists for a protective order in a separate federal proceeding. *See* Fed. R. Civ. P. 16(d)(1).

Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the United States' revised motion for entry of a protective order governing discovery (D.N. 23) is **GRANTED**. The government's tendered protective order (D.N. 23-1) will be entered separately.