UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                            Plaintiff,

v.                                          Criminal Action No. 3:22-cr-06-DJH

DONALD A. SIMONTON,                                         Defendant.

\* \* \* \* \*

## MEMORANDUM OF CONFERENCE AND ORDER

A telephonic status conference was held in this matter on August 10, 2022, with the following counsel participating:

     For the United States:      Alicia Gomez

     For Defendant:      Michael Goodwin

The Court and counsel discussed the procedural posture of the case. The United States reported that it is in the process of obtaining additional video-camera footage related to this matter, which will be shared with the defendant. The parties agreed that more time is needed to review this supplemental discovery, and Defendant Donald A. Simonton, through counsel, has accordingly filed an unopposed motion to continue the trial currently set in this matter. (Docket No. 30) Based on the discussion during the conference, and the Court being otherwise sufficiently advised, it is hereby

     **ORDERED** as follows:

     (1)      The defendant's unopposed motion to continue the trial in this matter (D.N. 30) is **GRANTED**. The trial currently set for September 19, 2022, is **REMANDED** from the Court's docket, to be reset by subsequent order if necessary. The pretrial deadlines previously set in this matter (*see* D.N. 28) are likewise **REMANDED**.

(2) Without objection, this case is **SCHEDULED** for a telephonic status conference on **August 29, 2022, at 10:00 a.m.** Counsel for the parties shall connect to the telephonic status conference by dialing the toll-free number 1-877-402-9753 and entering the access code 9073187.

(3) Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv), and without objection, the Court finds that **the period of delay from May 17, 2022, to August 29, 2022, is excludable in computing the time within which the trial must commence under the Speedy Trial Act.** The Court finds that the ends of justice served by this delay outweigh the best interests of the public and the defendant in a speedy trial because failure to grant such a continuance would deny both the attorney for the government and counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This continuance is not being granted "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

August 10, 2022

David J. Hale, Judge
United States District Court

Court Time: 00/05
Court Reporter: Dena Legg