UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                       PLAINTIFF

v.                                        CRIMINAL ACTION NO.: 3:22-CR-6-DJH

DONALD A. SIMONTON                                                   DEFENDANT

## UNITED STATES' SENTENCING MEMORANDUM
*-Electronically Filed-*

The United States of America, by counsel, Assistant United States Attorney Alicia P. Gomez, files its memorandum in support of its sentencing recommendation in this action, currently scheduled for February 27, 2023. The United States does not anticipate calling any witnesses at the hearing.

### Statutory Sentencing Provisions

Donald A. Simonton stands convicted of assaulting, resisting, or impeding, in violation of 18 U.S.C. §§ 111(a)(1) and (b). A conviction under this statute carries a maximum term of imprisonment of twenty years, a potential maximum fine of $250,000.00, and a term of supervised release of no more than three years.

### Guideline Calculations

The United States Probation Office has prepared a Presentence Investigation Report (PSR), which concludes that the total offense level applicable to the offense should be 16. (DN 44, PSR at ¶ 28 Page ID # 153) The PSR also concludes that Mr. Simonton's criminal history places him in Criminal History Category II. (*Id.* at ¶ 41, Page ID # 156) Based upon a total offense level of 16 and a criminal history category of II, the guideline imprisonment range is 24 to 30 months. (*Id.* at ¶ 59, Page ID # 161)

Analysis of § 3553(a) Factors

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). That section directs courts to consider the following:

(1)	the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)	the need for the sentence imposed–

 (A)	to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

 (B)	to afford adequate deterrence to criminal conduct;

 (C)	to protect the public from further crimes of the defendant; and

 (D)	to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)	the kinds of sentences available;

(4)	the kinds of sentence and the sentencing range established for--

 (A)	the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
  . . .

(5)	any pertinent policy statement--
 . . .

(6)	the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)	the need to provide restitution to any victims of the offense.

Mr. Simonton stands convicted of assaulting, resisting, or impeding, in violation of 18 U.S.C. §§ 111(a)(1) and (b). At sentencing, the United States will recommend a sentence of 10 months' probation as the appropriate punishment for this offense. An analysis of the 18 U.S.C. § 3553(a)(2) factors favors this resolution.

When considering the nature and circumstances of the offense, there is no question the

events that unfolded on January 12, 2022 were serious and life altering for each individual involved that day. Agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Response Team (SRT) were executing a lawful search and arrest warrant that day. The defendant's son, Dajuan Simonton, was wanted on murder charges and agents were there to also recover evidence related to that homicide. The warrant was executed promptly at 6:00 a.m., a standard time in which warrants are regularly executed. Due to the time of year, it was not yet daylight outside. Based on the serious nature of the arrest warrant and Dajuan Simonton's criminal history, ATF SRT was assisting the Louisville Metro Police Department that morning. Several other warrants related to that state homicide investigation were also executed that morning at other locations with the assistance of other federal agencies, such as the Federal Bureau of Investigation.

As agents made entry into the defendant's home, the defendant opened fire. In September of 2021, approximately four months prior to the execution of the search and arrest warrant in January of 2022, the defendant's home had been the target of a drive by shooting. On January 12, 2022, the ATF SRT knocked and announced prior to making entry into the defendant's home. The ATF utilized a tactical vehicle known as a Bearcat to make the announcements and police officers turned on their red and blue lights. At the time of the warrant's execution, the defendant was 68 years old and his bedroom was located on the second floor of the residence. Despite the measures taken by law enforcement, the defendant asserts he was firing warning shots at who he thought were intruders. Agents gave verbal commands to the defendant, and the defendant, after firing three rounds, dropped his weapon and crawled down the stairs. Luckily, no one was injured that morning. As outlined in the numerous victim impact statements received by the Court, the agents who were present that day have been seriously impacted by the events which unfolded, and will

continue to be for years to come. However, the serious nature of the offense is not the lone factor which the court is to consider in determining an appropriate sentence.

The Court must also consider the history and characteristics of the defendant. The defendant is now a 69 year old man, who prior to this offense, was not prohibited from lawfully possessing a firearm. Although his criminal history is a category II, this is the result of three misdemeanor convictions; two of which stem from marijuana related offenses. The defendant is a veteran and served his country. His lack of a significant record at his age speaks to the type of life this defendant has lived.

The sentence to be imposed by the court must reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. Although the 10 months probated sentenced proposed by the parties is 14 months less than that which the U.S. Sentencing Guidelines recommends, it is nonetheless still a sentence which accomplishes these objectives. Should the Court accept the plea agreement of the parties, the defendant will become a convicted felon, lose certain rights he has enjoyed for 69 years and become prohibited from lawfully possessing firearms. Moreover, the defendant will be under the supervision of a United States Probation Officer for 10 months, and any additional amount of time the Court wishes to impose of additional supervised release. This sentence is sufficient, but not greater than necessary under the specific facts of this case to meet the factors outline in §3553(a).

Conclusion

For the reasons set forth herein, the United States respectfully requests the Court to accept the parties' plea agreement and impose a sentence of 10 months probated.

Respectfully Submitted,

MICHAEL A. BENNETT
UNITED STATES ATTORNEY

/s/ *Alicia P. Gomez*
Alicia P. Gomez
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-5911
alicia.gomez@usdoj.gov

**CERTIFICATE OF SERVICE**

On February 17, 2023, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all Counsel of record.

/s/ *Alicia P. Gomez*
Alicia P. Gomez