FILED
JAMES J. VILT, JR. - CLERK
MAR 13 2023
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA PLAINTIFF

v. CRIMINAL NO. 3:22-CR-6-DJH

DONALD A. SIMONTON DEFENDANT

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure, the United States of America, by Michael A. Bennett, United States Attorney for the Western District of Kentucky, and defendant, Donald A. Simonton, and his attorney, Michael Goodwin, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violations of Title 18, United States Code, Sections 111(a)(1), 111(b) and 924(c)(1)(A)(iii). Defendant further acknowledges that the Indictment in this case seeks forfeiture of a Ruger, model SP101, .38 special, bearing serial number 572-95120, and ammunition, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, by reason of the offense charged in Count 2 of the Indictment.

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to Count 1 in this case. Defendant will plead guilty because he is in fact guilty of the charge. The parties agree to the following factual basis for this plea:

On or about January 12, 2022, in the Western District of Kentucky, at approximately 6:00AM, law enforcement officers with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Response Team (SRT) approached 363 N. 41st Street, to execute a state of Kentucky search warrant for the residence and an arrest warrant for Dajuan Simonton. ATF SRT personnel made their approach to the residence, along with the Bearcat, which is a ballistic, tactical vehicle. The Bearcat initiated its police lights; simultaneously, the marked Louisville Metro Police Department (LMPD) vehicles initiated their police lights. ATF SRT members hailed multiple times for all occupants inside 363 N. 41st Street to exit the residence. ATF SRT members conducted a knock and announce, while the hailing continued; this consisted of loudly banging on the front door of the residence while yelling something to the effect of "police with a warrant, come to the door," at least three times. ATF SRT members then breeched the door by using a ram to gain entry. It took approximately four times of hitting the door with the ram to gain entry into the house. After the door opened, it swung back on the ATF SRT members making entry and had to be kicked back open.

Two ATF SRT members made entry into the residence. When the third member entered the residence, he was fired upon from the top of the stairwell, on the second story of the house. The ATF SRT member saw a hand and forearm point a firearm in his direction. The ATF SRT member heard at least three rounds fired and saw the recoil of the firearm, while the firearm was pointed in his direction. The ATF SRT member returned fire until the threat was no longer shooting at the agent.

Multiple SRT members shouted commands to the individual who had fired to drop the weapon. The suspect appeared to turn away from SRT members, bent over and dropped something, which made a loud clunk. The individual complied with demands and came down the stairs. The shooter was identified as Donald Simonton, father to Dajuan Simonton. As he was being detained, he made a spontaneous utterance to an SRT member, identifying himself as the individual who shot at the SRT and said he did so three times. Once detained, Donald Simonton was taken to the ATF SRT medic in a safe location, where he made additional spontaneous utterances to the ATF SRT members advising that he had shot. One such spontaneous utterance included something to the effect of "I shot at them, I did, but I didn't know they were police."

A revolver was located on the second-floor threshold in the approximate location Donald Simonton was standing when the exchange of gunfire occurred. The revolver was a Ruger, model SP101, .38 special, bearing serial number 572-95120. In the cylinder of the Ruger revolver, three fired cartridge casings were located, as well as two intact rounds of ammunition.

4. Defendant understands that the charge to which he will plead guilty carries a maximum term of imprisonment of 20 years, a maximum fine of $250,000, and up to a 3-year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charge to which he will plead guilty he may be ordered to forfeit a Ruger, model SP101, .38 special, bearing serial number 572-95120, and ammunition.

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A. If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

10. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 30 and will pay the assessment in the amount of $100 to the United States District Court Clerk's Office by the date of sentencing.

11. At the time of sentencing, the United States and the defendant agree to the following:

-move for dismissal of Count 2 of the Indictment.

-agree that a sentence of 24 months probated is the appropriate disposition of this case.

-agree that a fine at the lowest end of the applicable Guideline Range is appropriate, and is to be due and payable on the date of sentencing.[1]

-agree that a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b) is appropriate, provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

- agree to forfeiture of a Ruger, model SP101, .38 special, bearing serial number 572-95120, and ammunition.

12. Defendant agrees to the following waivers of appellate and post-conviction rights:

A. The Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

B. The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

C. The Defendant knowingly and voluntarily waives the option to file a motion to have his sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government or a motion for compassionate release under 3582(c)(1)(A), limited to the grounds set forth in U.S.S.G §1B1.13 until such provision is modified by the Sentencing Commission, filed by the defendant.

13. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

14. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

15. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the

Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

16. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

17. The Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the defendant may be detained pending sentencing.

18. If the Court refuses to accept this agreement and impose sentence in accordance with its terms or dismiss Count 2 according to the United States' motion pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty. Specifically, all of the United States' promises, including any consent to a plea to a lesser included offense or dismissal of other charges, are contingent on the district court's subsequent acceptance of this plea agreement. If this agreement allows Defendant to plead to a lesser-included offense, Defendant agrees that his original charges will automatically be reinstated and Defendant waives any double jeopardy rights he/she may have with respect to the greater offense if the court subsequently rejects the parties' plea agreement--even if Defendant declines to withdraw his guilty plea to the lesser-included offense.

19. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his

attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

20. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
United States Attorney

By:

_________________________ 03/13/2023
Alicia P. Gomez — Date
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_________________________ 3/13/23
Donald A. Simonton — Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

Michael Goodwin
Counsel for Defendant

3/13/2023
Date

MAB:APG